Edward MacKENZIE, Plaintiff–
Appellant,

v.

COUNTY OF NASSAU, Joseph Jablon-
sky, Sheriff, Robert Anderson, Lieu-
tenant, Thomas Washington, Detec-
tive, Defendants–Appellees.

Docket No. 00–124.

United States Court of Appeals,
Second Circuit.

Sept. 11, 2002.

Edward Mackenzie, Wallkill, NY, pro se.

Gerald R. Podlesak, Deputy County At-
torney (Lorna B. Goodman, County Attor-
ney of Nassau County, Mary Elisabeth
Ostermann, Deputy County Attorney, on
the brief), Mineola, NY, for Appellees.

JOHN M. WALKER, JR., Chief Judge,
RALPH K. WINTER, GUIDO
CALABRESI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of
said district court be and it hereby is
**AFFIRMED.**

Edward MacKenzie sued the County of
Nassau and three officers of the Nassau
County Sheriff's office and Nassau County
Police Department under 42 U.S.C. § 1983
alleging false arrest and malicious prosecu-
tion. The district court initially granted

MacKenzie's motion for appointment of counsel, but after several unsuccessful attempts to assign counsel ordered that no further counsel be assigned. At the conclusion of the presentation of evidence at trial, the district court granted the defense's motion for judgment as a matter of law under Fed.R.Civ.P. 50(a). MacKenzie appealed, arguing that the district court erred by withdrawing its order for the appointment of counsel, that the district court abused its discretion by not sanctioning the defendants for alleged misconduct during discovery, and that the district court erred by granting judgment as a matter of law.

MacKenzie was arrested and prosecuted for an assault on Colin Ferguson within the Nassau County Correctional Center. Ferguson was assaulted in March 1994. Detective Washington interviewed Ferguson multiple times. Although Ferguson did not initially identify MacKenzie as one of the inmates who had attacked him, he did ultimately identify MacKenzie both verbally and in a signed statement. MacKenzie was arrested for the assault and assault charges were brought against him. After Ferguson refused to cooperate further with the District Attorney's Office, the charges were ultimately dismissed under Criminal Procedure Law § 30.30 on speedy trial grounds.

Both false arrest and malicious prosecution claims depend on an absence of probable cause. *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 128, 130 (2d Cir.1997). MacKenzie failed to present any evidence to indicate a lack of probable cause. At the time of his arrest, the police had a statement that he was one of the participants in an assault and obvious injuries to the victim. Taken together, this evidence established probable cause. Similarly, MacKenzie presented no evidence that the proceedings were pursued against him without probable cause to believe that the proceedings could succeed because he failed to present any evidence that indicated that any of the county officials knew that Ferguson would refuse to testify against MacKenzie. Consequently, judgment as a matter of law was properly granted to all defendants.

In light of the lack of evidence supporting his claims, MacKenzie fails to meet his burden of demonstrating that the failure to appoint counsel prejudiced him. *Hodge v. Police Officers*, 802 F.2d 58, 62 (2d Cir. 1986). He also fails to show that any of the district court's discovery decisions affected his "substantial rights." *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir.1994).

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**